IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

FLORENCE ARAUZ,

        Case Number:_____

    Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC.,    Division: _____

    Defendant.        **JURY TRIAL DEMANDED**

_____/

## COMPLAINT

COMES NOW the Plaintiff, FLORENCE ARAUZ, (hereinafter, "Ms. Arauz"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, MIDLAND CREDIT MANAGEMENT, INC., (hereinafter, "MCM"), and states as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Arauz against MCM for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (hereinafter, "TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, section 559.55, Florida Statutes, *et. seq.* ("FCCPA"), for damages more than $15,000.

### JURISDICTION

2. Jurisdiction arises under the TCPA, 47 U.S.C. § 227, *et. seq.*, the FDCPA, 15 U.S.C. § 1692, *et. seq.*, and the FCCPA, section 559.55, Florida Statutes, *et. seq.*

1

3. MCM is subject to the provisions of the TCPA, the FDCPA, and the FCCPA, and is subject to the jurisdiction of this Court pursuant to section 48.193(1)(a)(1), Florida Statutes.

## PARTIES

4. Ms. Arauz is a natural person residing in Hillsborough County, Florida.

5. MCM is a Delaware corporation, registered in Florida as a foreign corporation, with a primary address of 3111 Camino Del Rio North, Suite 1300, San Diego, CA 92108.

6. The Florida Registered Agent for MCM is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

7. MCM is a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it sought to collect an amount originally due to another party.

## FACTUAL ALLEGATIONS

8. The aforementioned debt alleged is a "debt" within the meaning of 15 U.S.C. §1692a(5), in that it is an alleged obligation to pay money arising out of a transaction in which the money, property, insurance and/or services which were the subject of the transaction were primarily for personal, family, and / or household purposes.

9. In the instant matter, the debt was for personal phone and / or internet services.

10. Sometime in September 2013, MCM began calling Ms. Arauz's cellular phone via automated telephone dialing equipment ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

11. The calls showed a Caller ID of 800-265-8825. This phone number belongs to MCM.

12. When Ms. Arauz answered the calls, there was a pause before a live representative would come onto the line.

13. On September 30, 2013, Ms. Arauz called MCM back, and spoke to a representative identifying himself as "Simon Winters" ("Winters"). Ms. Arauz asked why she continued to

2

receive phone calls from MCM. Winters replied they were looking for an "Ena." Ms. Arauz explained that "Ena" was her mother who could not be contacted at her phone number, and demanded MCM's calls cease.

14. During the September 30, 2013 conversation, Winters did not ask for location or contact information regarding Ena.

15. Despite having actual knowledge that it was reaching the wrong party, and having been asked to not call back, MCM continued to call Ms. Arauz's cellular telephone after September 30, 2013.

16. On or about November 1, 2013, MCM called Ms. Arauz's cellular telephone. The caller ID displayed 877-237-0512, a phone number belonging to MCM.

17. Ms. Arauz answered the call, at which time a female representative informed her that MCM had purchased a Verizon account and demanded payment. Ms. Arauz cut off the conversation, reiterating that MCM was calling the wrong party, and asked MCM to stop calling. The MCM representative stated that the calls would not stop, and Ms. Arauz hung up the phone.

18. Ms. Arauz is aware of phone calls placed to her cellular telephone by MCM occurring on or about:

- September 24, 2013 at 8:23 AM, 10:16 AM, 1:53 PM and 8:50 PM;
- September 25, 2013 at 8:20 AM and 9:27 AM;
- September 26, 2013 at 9:19 AM, 9:59 AM, and 10:47 AM;
- September 27, 2013 at 9:30 AM and 1:31 PM;
- September 28, 2013 at 12:47 PM;
- September 29, 2013 at 4:16 PM; and
- November 1, 2013 at 8:11 AM.

19. Ms. Arauz believes that other calls were placed to her cellular telephone in addition to the 14 identified in the preceding paragraph.

20. The exact number of calls placed by MCM to her cellular telephone is unknown to Ms. Arauz, but is known to, or easily ascertained by, MCM and contained within their business records.

21. Ms. Arauz never gave permission to MCM to place calls to her cellular telephone, either expressed or implied, nor did she give permission for anyone else to give out or otherwise use her cellular telephone number for their own purposes.

22. MCM's conduct caused Ms. Arauz anger, anxiety, emotional distress, frustration, and other negative emotions, as well as suffering from unjustified and abusive invasions of her personal privacy at Ms. Arauz's home and workplace.

23. MCM's calls were "communications" as defined by 15 U.S.C. § 1692a(2).

24. Ms. Arauz is the "called party" and is the sole subscriber to her cellular telephone.

25. Ms. Arauz has hired the aforementioned law firm to represent her in this matter and is obligated to pay their reasonable fees.

## COUNT I
## VIOLATIONS OF THE TCPA- 47 U.S.C. § 227, *et. seq.*

26. Ms. Arauz adopts and incorporates the above-numbered paragraphs as if fully stated herein.

27. MCM violated 47 U.S.C. § 227(b)(1)(A)(iii) when it repeatedly dialed Ms. Arauz's cellular telephone number using an automated dialing mechanism without her consent.

28. As a result of MCM actions, Ms. Arauz has suffered actual damages including, without limitation, anger, anxiety, emotional distress, frustration, amongst other negative

4

emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Ms. Arauz's home and workplace.

29. MCM is liable to Ms. Arauz for willfully and knowingly failing to comply with the TCPA.

30. MCM is liable to Ms. Arauz for the full amount of statutory and actual damages, plus costs.

31. Ms. Arauz is entitled to injunctive relief from potential future violations of the TCPA.

**WHEREFORE,** Ms. Arauz respectfully requests that this Court order judgment against MCM for:

a. Statutory damages of $1,500 for each violation of the TCPA found to have been committed, pursuant to 47 U.S.C. § 227(b)(3)(B) (a figure of $21,000 based on only those calls known to the plaintiff);

b. Actual damages of $100 for all damages including emotional distress suffered due to the intentional, reckless, and / or negligent TCPA violations, pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Costs related to this cause of action;

d. Equitable relief enjoining MCM from further violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A); and

e. Such other relief that this Court deems just and proper.

## COUNT II
## NEGLIGENCE

32. Ms. Arauz adopts and incorporates the above-numbered paragraphs as if fully stated herein.

5

12/17/2013 12:02 PM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 5.

33. At the times relevant hereto, MCM had a duty under federal law to only use automated telephone dialing equipment when it had permissible purpose to do so.

34. At those same times, MCM had a duty under common law principles to avoid harassing consumers without cause and to avoid causing them harm by such activities.

35. MCM's actions and omissions constituted a breach of MCM's aforementioned duties to Ms. Arauz.

36. As a result of MCM's actions, Ms. Arauz has suffered actual damages including, without limitation, anger, anxiety, emotional distress, frustration, and other negative emotions, as well as unjustified and abusive invasions of her personal privacy at her home and workplace.

37. As a further result of its actions and inactions, MCM is also liable for Ms. Arauz's costs and attorney's fees incurred in an effort to recover and prevent further damages.

**WHEREFORE,** Ms. Arauz respectfully requests that this Court order judgment against MCM for:

    a.    $100 in actual damages;

    b.    Reasonable costs and attorney fees; and

    c.    Such other relief that this Court deems just and proper.

<u>**COUNT III**</u>
<u>**INVASION OF PRIVACY**</u>

38. Ms. Arauz adopts and incorporates the above-numbered paragraphs as if fully stated herein.

39. MCM's actions and omissions constituted electronic intrusions into Ms. Arauz's private quarters.

40. MCM intentionally caused harm to Ms. Arauz's emotional well-being by engaging in highly offensive conduct, including, without limitation, causing her cellular telephone to ring repeatedly for no purpose other than to harass, thereby invading and intruding upon Ms. Arauz's right to privacy.

41. Ms. Arauz had a reasonable expectation of privacy in her solitude, seclusion, and private concerns or affairs.

42. MCM's intrusions and invasions occurred in a way that would be highly offensive to a reasonable person.

43. As a result of MCM intrusions, Ms. Arauz has suffered actual damages including, without limitation, anger, anxiety, emotional distress, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Ms. Arauz's home and workplace.

**WHEREFORE,** Ms. Arauz respectfully requests that this Court order judgment against MCM for:

a. Compensatory Damages of $2,500;

b. Reasonable costs and attorney fees; and

c. Such other relief that this Court deems just and proper.

## COUNT IV
## VIOLATIONS OF THE FDCPA- 15 U.S.C. §1692, *et. seq.*

44. Ms. Arauz adopts and incorporates the above-numbered paragraphs as if fully stated herein.

7

45. MCM's conduct violated 15 U.S.C. § 1692b in that MCM called Ms. Arauz multiple times regarding her mother's alleged debt, but failed to ask for location or contact information for her mother.

46. MCM's conduct violated 15 U.S.C. § 1692c(b) in that MCM contacted third parties for purposes other than to confirm or obtain current location information.

47. MCM's conduct violated 15 U.S.C. § 1692d in that MCM engaged in behavior the natural consequence of which was to harass, oppress, or abuse Ms. Arauz in connection with the collection of a debt.

48. MCM's conduct renders them liable for the above-stated violations of the FDCPA per the terms of the statute.

**WHEREFORE,** Ms. Arauz respectfully requests this Court to enter judgment against MCM for:

a. Statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

c. Equitable relief enjoining MCM from further violations of the FDCPA; and

d. Such other relief that this Court deems just and proper.

### COUNT V
### VIOLATIONS OF THE FCCPA- section 559.55, Florida Statutes, *et. seq.*

49. Ms. Arauz adopts and incorporates the above-numbered paragraphs as if fully stated herein.

50. MCM's conduct violated section 559.72(7), Florida Statutes (2013), in that it called Ms. Arauz up to four times in a day, and with an overall frequency that would reasonably be expected to harass the debtor or her family.

8

51. MCM's conduct violated section 559.72(9), Florida Statutes (2013), in that it attempted to enforce a debt against Ms. Arauz that it knew was not legitimate with respect to her.

52. By its conduct, MCM is liable for the above-stated violations of the FCCPA, rendering it liable under the statute for damages, costs, and fees.

53. Furthermore, MCM is liable to Ms. Arauz for punitive damages based upon MCM's willful and intentional violations of the FCCPA.

**WHEREFORE,** Ms. Arauz respectfully requests this Court to enter judgment against MCM for:

    a. Statutory damages of $1,000 for each violation of the FCCPA shown to have been committed by the Defendants at different times, pursuant to section 559.77(2), Florida Statutes;

    b. Punitive damages of $1,000 pursuant to section 559.77(2), Florida Statutes;

    c. Reasonable costs and attorney's fees pursuant to pursuant to section 559.77(2), Florida Statutes;

    d. Equitable relief enjoining MCM from further violations of the FCCPA; and

    e. Such other relief that this Court deems just and proper.

### JURY TRIAL DEMANDED

Ms. Arauz hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 17th day of December 2013, by:

    /s/ Christina M. Cowart
    Christina M. Cowart
    Florida Bar # 27644
    Seraph Legal, P.A.
    2002 E. 5th Avenue, Suite 104
    Tampa, FL 33605
    (813) 567-1230
    ccowart@seraphlegal.com
    Attorney for Florance Arauz